■ Edward A. Fair et al., as Shareholders and in the Right of Advanced Graphic Applications, Inc., Respondents, v Stan-

LEY FUCHS et al., Individually and as Officer and/or Director of Advanced Graphic Applications, Inc., et al., Appellants. [631 NYS2d 153] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered February 23, 1995, which denied the motion by defendants Fuchs and Marder for summary judgment, unanimously reversed, on the law, the motion is granted, and the complaint dismissed, with costs.

Defendants Fuchs and Marder have been principal shareholders and directors of the now-defunct corporate defendant; Marder, a founder of the corporation, was also an officer. In so much of a broad-ranging complaint as survived a prior summary judgment motion, plaintiffs, a rival group of principal shareholders, allege, mostly on information and belief, a wide variety of nonspecific acts of malfeasance, including diversion and waste of corporate funds for travel and entertainment, improper hiring practices, self-dealing and conflict of interest, divulging of confidential trade secrets, breaches of the stock purchase agreement, withdrawal of funds without accounting, and squandering of capital. Despite specific refutation in the pleadings and on defendants' latest motion for summary judgment, the IAS Court denied the motion without even addressing the issues, other than to announce that determination of the claims in question will turn on credibility of witnesses. Surprisingly, plaintiffs' brief in this Court provides no further clarification for any of the unsubstantiated allegations. By way of example, we outline briefly some of the points that plaintiffs apparently deem unworthy of evidentiary support in opposing summary dismissal of this action.

Plaintiffs do not dispute the assertion that $50,000 from the proceeds of the sale of stock was loaned to Marder upon approval by the board of directors. In the face of a flat denial that the individual defendants had spent "exorbitant sums for travel and entertainment," no plaintiff or any other party came forward with any knowledge of this allegation. The same can be said of the allegations of unnecessary and imprudent hiring of employees, and payment of exorbitant commissions to third parties therefor. The untrained and unqualified bookkeeper that defendants allegedly hired at an exorbitant salary, in committing corporate waste, was Marder's wife, who was actually hired by plaintiff Goldrich when he was president, long before Fuchs' involvement with the corporation; at his deposition, Goldrich was not even certain of Mrs. Marder's salary.

A party opposing a motion for summary judgment "must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests

his claim or must demonstrate acceptable excuse for his failure to meet the requirement of tender in admissible form; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" (*Zuckerman v City of New York*, 49 NY2d 557, 562). The business judgment doctrine recognizes that courts are ill equipped to evaluate the complexities of management decisions (*Auerbach v Bennett*, 47 NY2d 619, 630), and must often defer to the expertise of corporate directors. This is especially true where shareholder derivative claimants offer no evidence in admissible form to substantiate their allegations. On this record, summary judgment should have been granted. Concur—Murphy, P. J., Wallach, Ross, Nardelli and Williams, JJ.