■ CYNTHIA A. DIPACE, as Shareholder of WIT'S END GIFTIQUE, INC., Appellant-Respondent, v SUSAN M. FIGUEROA et al., Respondents-Appellants, and MARGARET E. HOFFMAN, Respondent. In the Matter of WIT'S END GIFTIQUE, INC. CYNTHIA A. DIPACE, Appellant-Respondent; WIT'S END GIFTIQUE, INC. et al., Respondents-Appellants; MARGARET E. HOFFMAN, Respondent. [637 NYS2d 222] —Yesawich Jr., J. Cross appeals (1) from an order of the Supreme Court (Jung, J.), entered November 18, 1994 in Saratoga County, which, *inter alia*, in a shareholder derivative action and a proceeding pursuant to Business Corporation Law article 11, granted motions by Susan M. Figueroa,* Margaret E. Hoffman and Wit's End Giftique, Inc. for summary judgment, and (2) from two judgments entered thereon.

Defendant/respondent Margaret E. Hoffman and her two

---

* Defendant Susan M. Figueroa and respondent Susan M. Hoffman are the same person, Figueroa being her married name. She has since divorced and resumed using her maiden name. For clarity, however, she is referred to herein as Susan Figueroa.

daughters, defendant/respondent Susan M. Figueroa and plaintiff/petitioner Cynthia A. DiPace, are the only shareholders of defendant/respondent Wit's End Giftique, Inc., a close corporation formed in 1975 to operate a gift shop in the Town of Clifton Park, Saratoga County. DiPace and Figueroa operated the store, with financial assistance and advice from Hoffman and her husband, from its inception in 1975 until 1986, when DiPace was discharged from her position and removed as a director, assertedly due to her poor work performance and other factors.

DiPace thereafter commenced a shareholder derivative action which was ultimately dismissed by this Court for failure to state a cause of action (see, DiPace v Figueroa, 128 AD2d 942). Though DiPace was granted leave to serve an amended complaint within 20 days of the dismissal, she did not do so. A judgment was subsequently entered dismissing the action; no appeal was taken from that judgment. A second derivative action, commenced in April 1987, survived a motion to dismiss, but was later voluntarily discontinued by DiPace.

On November 6, 1990, DiPace commenced a third derivative action against Figueroa, Hoffman and Wit's End (hereinafter collectively referred to as defendants). After DiPace was deposed, Wit's End and Figueroa moved for dismissal or summary judgment, and sought the imposition of sanctions against DiPace. Their motion was denied without prejudice to renewal after DiPace had been afforded an opportunity to conduct further discovery, limited by the court to the period after January 1, 1987. DiPace filed a notice of appeal from the part of the order limiting discovery, but did not perfect the appeal, which was then dismissed on motion.

In the meantime, DiPace had commenced a proceeding seeking dissolution of Wit's End Giftique, Inc., pursuant to Business Corporation Law § 1104-a, in Albany County. On learning that this was an improper venue, DiPace abandoned that proceeding and commenced another, seeking the same relief, in Saratoga County. Wit's End and Figueroa's motion for summary judgment and sanctions in that proceeding was also denied without prejudice to renewal.

After DiPace deposed Figueroa and was given access to corporate records for review and copying, Figueroa and Wit's End renewed their motions for summary judgment in the derivative action and the dissolution proceeding, and were joined by Hoffman. Supreme Court granted summary judgment in both the action and the proceeding, but denied defendants' request for sanctions. Judgments were entered, and these cross-appeals ensued.

Although we reject defendants' contention that the claims advanced in the present shareholder derivative action are barred by the judgment in the first such action, which was not on the merits (*see,* CPLR 5013; *Aetna Cas. & Sur. Co. v City of New York,* 160 AD2d 561, 563), or by DiPace's voluntary discontinuance of the second action, we find, nevertheless, that summary judgment was properly granted. Defendants met their initial burden, as movants, by tendering documentary evidence, and affidavits from those with firsthand knowledge, demonstrating that DiPace's allegations of wrongdoing (insofar as they were raised in her bill of particulars, and are not barred by the Statute of Limitations) are meritless. In response, DiPace has proffered not a shred of evidentiary material substantiating her claims; her deposition testimony, which she maintains raises factual questions, consists merely of hearsay and conclusory allegations. This is not enough to withstand summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Fair v Fuchs,* 219 AD2d 454, 455-456).

As for DiPace's continuing complaint that she has not been afforded adequate opportunity for discovery, it suffices to note that she has conducted the discovery permitted by the previous court order and cannot now argue the merits of that order, her appeal therefrom having been dismissed for failure to perfect (*see, Montalvo v Nel Taxi Corp.,* 114 AD2d 494, *lv denied, lv dismissed* 68 NY2d 643). She was permitted to depose the two individual defendants (but chose to examine Figueroa only) and was given access to many corporate documents, of which, defendants assert, she copied approximately 20,000 pages. Moreover, most of those who would be expected to have personal knowledge of the events at issue have submitted affidavits, none of which suggests the likelihood that other evidence supporting DiPace's position might be uncovered. In short, DiPace has presented no compelling reason to permit further discovery (*see, Plotkin v Franklin,* 179 AD2d 746).

The dissolution proceeding was also properly dismissed, for, as Supreme Court observed, even if DiPace were to demonstrate that defendants had engaged in the kind of "oppressive" conduct that can support such relief (*see,* Business Corporation Law § 1104-a; *Matter of Kemp & Beatley,* 64 NY2d 63, 73; *Matter of Wiedy's Furniture Clearance Ctr. Co.,* 108 AD2d 81, 83-84), dissolution would be unwarranted. There is every indication that DiPace can obtain a fair return on her investment without resort to such a Draconian remedy—which would harm the other shareholders far more than it would benefit DiPace—by selling her shares to Figueroa and Hoffman, who

have signaled their willingness to update the price set by the parties' buy-out agreement and to purchase the shares in accordance therewith (see, Business Corporation Law § 1104-a [b]; *Matter of Harris*, 118 AD2d 646, 647).

Moreover, only two of the instances of alleged wrongdoing adverted to by DiPace as grounds for dissolution occurred within the applicable six-year Statute of Limitations (see, CPLR 213): the sale, to Figueroa, of the building and land housing the business (which DiPace contends constitutes the usurpation of a corporate opportunity), and the adoption of a plan for an infusion of equity into the corporation (which DiPace claims was an attempt to dilute her holdings). The record demonstrates that neither of these activities was improper. The sale cannot be considered a corporate opportunity, for the sellers unequivocally aver that they would not have sold to the corporation, or to DiPace, but only to Figueroa individually. As for the equity infusion plan, it is clear that DiPace was offered an opportunity to purchase additional shares on the same terms as the other shareholders, and the determination of whether additional capital was needed, as well as the price at which the shares were offered, are plainly in the realm of business judgments, an area into which courts are reluctant to intrude absent evidence of bad faith or fraud, neither of which is present here (see, *Auerbach v Bennett*, 47 NY2d 619, 630-631).

Lastly, we are disinclined to disturb Supreme Court's decision to deny defendants' request to sanction DiPace for bringing these proceedings (see, *Gregware v Key Bank*, 218 AD2d 859, 861, *lv denied* 87 NY2d 803). Given the apparently acrimonious atmosphere that existed when DiPace was fired and the informal and lax recordkeeping procedures being practiced by the business at that time, it would not have been unreasonable for DiPace to have believed that improprieties had indeed occurred. Nor, in our view, are sanctions warranted based upon DiPace's appeal.

Cardona, P. J., Mikoll, Crew III and Peters, JJ., concur. Ordered that the order and judgments are affirmed, with one bill of costs.