■ COBY GROUP, LLC, et al., Appellants, v STEVE HASENFELD et al., Respondents. 544 Union Avenue, LLC, Nonparty Appellant. (Action No. 1.) COBY GROUP (UNION AVENUE), LLC, et al., Respondents, v LESLIE WESTREICH et al., Appellants. 544 UNION AVENUE, LLC, Nonparty Appellant. (Action No. 2.) [847 NYS2d 239]—

In two related actions, inter alia, for injunctive relief, which were, in effect, joined for trial, (1) the plaintiffs in action No. 1 appeal from so much of an order of the Supreme Court, Kings County (Saitta, J.), dated August 11, 2006, as granted that branch of the cross motion of the defendants in action No. 1 which was for a preliminary injunction, prohibiting them from transferring a contract for the purchase of property located at 544 Union Avenue in Brooklyn, or in the event of closing on the property, prohibiting them from selling or transferring the property, and restraining them from using the "cobygroup.com" domain name for a web site or for an e-mail address, and (2) the plaintiffs in action No. 1 and Leslie Westreich and Morty Yashar, defendants in action No. 2, appeal, as limited by their notice of appeal and brief, from so much of an order of the same court, dated November 20, 2006, as, upon reargument, adhered to its prior determination except to the extent of, among other things, permitting the plaintiffs in action No. 1 to transfer the property on the condition that a percentage of the proceeds be held in escrow, and (3) the plaintiffs in action No. 1, Leslie Westreich and Morty Yashar, defendants in action No. 2, and the nonparty 544 Union Avenue, LLC, appeal from an order of the same court, entered December 19, 2006, which directed 544 Union Avenue, LLC, to comply with the terms of the order dated November 20, 2006.

Ordered that the appeals by Leslie Westreich and Morty Yashar, defendants in action No. 2, from the order dated November 20, 2006, and the order entered December·19, 2006, are dismissed as they are not aggrieved by the portion of the order dated November 20, 2006, and the order entered December 19, 2006, appealed from (see CPLR 5511); and it is further,

Ordered that the appeal from the order dated August 11, 2006 is dismissed, as that order was superseded by the order dated November 20, 2006, made upon reargument; and it is further,

Ordered that the order dated November 20, 2006 is reversed insofar as reviewed, on the law, so much of the order dated August 11, 2006, as granted that branch of the cross motion of the defendants in action No. 1 which was for a preliminary injunction prohibiting the plaintiffs from transferring a contract for the purchase of property located at 544 Union Avenue in Brooklyn, or in the event of closing on the property, prohibiting them from selling or transferring the property, and restraining them from using the "cobygroup.com" domain name for a web site or for an e-mail address is vacated, and upon reargument, that branch of the cross motion is denied, and the order entered December 19, 2006 is vacated; and it is further,

Ordered that the appeals by the plaintiffs in action No. 1 and the nonparty 544 Union Avenue, LLC, from the order entered December 19, 2006, are dismissed as academic in light of the determination of the appeal from the order dated November 20, 2006; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs in action No. 1 and the defendants in action No. 2.

In 2004 Coby Group, LLC (hereinafter the Coby Group) was created and organized by its two members Leslie Westreich and Morty Yashar to develop and market commercial and residential real estate. McCarron Park Condominiums, LLC (hereinafter McCarron), is affiliated with the Coby Group and is controlled by Westreich and Yashar. Steve Hasenfeld became associated with the Coby Group in December 2004. During the parties' business relationship, Hasenfeld worked on various real estate transactions and developed a computer system and web site under the name Coby Group. In February 2005 the Coby Group entered into a contract to purchase property located at 544 Union Avenue in Brooklyn. In June 2005 Hasenfeld's association with the Coby Group ended.

In November 2005 the Coby Group and McCarron (hereinafter collectively the plaintiffs) commenced an action against Hasenfeld and business entities under his control (hereinafter

collectively the defendants) and Hasenfeld commenced a separate action against the Coby Group, McCarron, Westreich, and Yashar. According to the plaintiffs, Hasenfeld was only an unpaid intern who allegedly converted their trade name, web site, and contract to purchase the 544 Union Avenue property for his own benefit. To the contrary, Hasenfeld contended that he entered into a joint venture, forming a limited liability company with Westreich and Yashar, to purchase and develop real estate and that the purchase of the 544 Union Avenue property was part of their agreement. The two actions were joined for trial and both the plaintiffs and defendants moved, inter alia, for injunctive relief.

On August 11, 2006 the Supreme Court granted, inter alia, that branch of the defendants' cross motion which was for a preliminary injunction prohibiting the plaintiffs from transferring the contract to purchase the 544 Union Avenue property, or in the event of closing on the property, prohibiting them from selling or transferring the property, and restraining them from using the cobygroup.com domain name for a web site or for an e-mail address. Upon granting reargument, the Supreme Court modified the provision of the preliminary injunction. In the event of a subsequent sale or transfer of the 544 Union Avenue property, the court directed the plaintiffs to hold 30% of the net proceeds in escrow pending further order of the court. Additionally, the court directed that the plaintiffs or any entity owned or controlled by either Yashar or Westreich could close on the contract to purchase the 544 Union Avenue property provided that party agreed and stipulated to be bound by the escrow provisions of the order. 544 Union Avenue LLC, an entity controlled by Westreich, acquired title to the 544 Union Avenue property.

In order to be entitled to a preliminary injunction, the movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor (*see* CPLR 6301; *Aetna Ins. Co. v Capasso*, 75 NY2d 860, 862 [1990]; *W.T. Grant Co. v Srogi*, 52 NY2d 496, 517 [1981]; *Dav-El Servs., Inc. v Commonwealth Worldwide Chauffeured Transp. of NY, LLC*, 21 AD3d 928 [2005]; *Gagnon Bus Co., Inc. v Vallo Transp., Ltd.*, 13 AD3d 334, 335 [2004]).

Here, the defendants failed to establish a likelihood of success on the merits because the submissions by the parties indicated that it is unclear whether Hasenfeld entered into a joint venture with the principals of Coby Group (*see Tilden of N.J. v Regency Leasing Sys.*, 230 AD2d 784, 786 [1996]; *Natuzzi v Rabady*, 177

AD2d 620, 622 [1991]). Moreover, the defendants failed to establish that they would suffer an irreparable injury without injunctive relief (see Matos v City of New York, 21 AD3d 936, 937 [2005]; Neos v Lacey, 291 AD2d 434, 435 [2002]; White Bay Enters. v Newsday, Inc., 258 AD2d 520, 521 [1999]). The assets sought to be restrained by the defendants are not specific funds which can rightly be regarded as "the subject of the action" (see CPLR 6301; Credit Agricole Indosuez v Rossiyskiy Kredit Bank, 94 NY2d 541, 548 [2000]; Leo v Levi, 304 AD2d 621, 623 [2003]; Fischer v Deitsch, 168 AD2d 599, 601 [1990]). Finally, the defendants failed to establish that a balancing of the equities was in their favor (see Laro Maintenance Corp. v Culkin, 255 AD2d 560, 561 [1998]; Klein, Wagner & Morris v Lawrence A. Klein, P.C., 186 AD2d 631, 633 [1992]). Santucci, J.P., Krausman, Lifson and Balkin, JJ., concur.