ARON HERCZL, Respondent, v DAVID FEINSILVER et al., Appellants, et al., Defendant. [61 NYS3d 303]—

In an action, inter alia, to recover damages for breach of contract, the defendants David Feinsilver, Feinsilver Investors II, LLC, and Feinsilver Investors III, LLC, appeal, as limited by their amended notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated December 11, 2014, as, upon denying the plaintiff's motion for a preliminary injunction enjoining them from selling or otherwise disposing of two properties, directed that all net proceeds from any such sales be held in escrow until further order of the court.

Ordered that the order is reversed insofar as appealed from, on the law, with costs.

In this action alleging, inter alia, breach of contract (see *Herczl v Feinsilver*, 153 AD3d 1336 [2017] [decided herewith]), the plaintiff moved for an order preliminarily enjoining the defendants David Feinsilver, Feinsilver Investors II, LLC, and Feinsilver Investors III, LLC (hereinafter collectively the defendants), from, inter alia, selling or disposing of two properties in Brooklyn. The Supreme Court declined to enjoin the sales, but directed that all net proceeds of any sale of the properties be held in an escrow account until further order of the court. The defendants appeal from so much of the order as directed that the net proceeds of any such sale be held in escrow.

To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor (see CPLR 6301; *Coby Group, LLC v Hasenfeld*, 46 AD3d 593, 595 [2007]). Here, the plaintiff failed to establish any of the prerequisites for a preliminary injunction. Upon declining to preliminarily enjoin the defendants from selling the properties, the Supreme Court thus erred by nonetheless directing that the proceeds of any sale of the properties be held in escrow (see *Coby Group, LLC v Hasenfeld*, 46 AD3d at 596; *Winter v Brown*, 49 AD3d 526, 529 [2008]; cf. *Etzion v Etzion*, 62 AD3d 646, 655 [2009]).

The parties' remaining contentions are without merit. Balkin, J.P., Hall, LaSalle and Barros, JJ., concur.