Ilan Props., Inc. v Benishai (2022 NY Slip Op 03320)

Ilan Props., Inc. v Benishai

2022 NY Slip Op 03320

Decided on May 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 

Index No. 651682/14, 652113/19 Appeal No. 15960-15961 Case No. 2020-01856, 2020-01857 

[*1]Ilan Properties, Inc., Plaintiff-Respondent,
v
David Benishai, Defendant-Appellant, Jack Benishai, Defendant.
David Benishai et al., Plaintiffs-Appellants,
v
Curtis West 76 LLC, et al., Defendants-Respondents, Ilan Properties, Inc., Nominal Defendant.

Cohen, LaBarbera & Landrigan, LLP, Chester (Kyle A. Seiss of counsel), for appellants.
Nesenoff & Miltenberg, LLP, New York (Philip A. Byler of counsel), for Ilan Properties, Inc., Curtis West 76 LLC, Stellar Management LLC, Stellar Structured Capital LLC, and 252 Venture Loan LLC, respondents.
Ganfer Shore Leeds & Zauderer LLP, New York (Craig S. Kesch of counsel), for Argent Ventures LLC, respondent.

Appeal from order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 16, 2020 (the first action), which, to the extent appealed from, granted plaintiff Ilan Properties, Inc.'s (Ilan) motion for summary judgment as against defendant David Benishai (David) for breach of a promissory note, deemed an appeal from the subsequent judgment, entered March 4, 2020, and as so considered, unanimously affirmed, with costs. Order, same court and Justice, entered same date (the second action), which, to the extent appealed from as limited by the briefs, granted the motions to dismiss the claims sounding in breach of fiduciary duty (the first, second, and third causes of action) asserted against defendants Curtis West 76 LLC, Stellar Management LLC, Stellar Structured Capital LLC, 252 Venture Loan LLC, and Ilan as a nominal defendant, and granted the motion to dismiss the claim for breach of contract (the sixth cause of action) asserted against defendant Argent Ventures LLC, unanimously affirmed, with costs.
In the first action, Ilan established its prima facie entitlement to summary judgment on the promissory note by establishing that David executed a promissory note and then failed to pay in accordance with the note's terms (see Zyskind v FaceCake Mktg. Tech., Inc., 101 AD3d 550, 551 [1st Dept 2012]). Ilan's showing was based upon a November 2017 estoppel order, in which Supreme Court recognized David's prior representations that he had taken a loan from Ilan and had signed a promissory note to this effect, and was thus estopped from arguing otherwise. David's arguments that he is not indebted to Ilan under the note raise no issues of fact sufficient to negate the effect of the estoppel order, and Supreme Court properly rejected his attempt to raise feigned factual issues (see Perez v Pinnacle Group, Inc., 172 AD3d 525, 526 [1st Dept 2019]).
The first, second, and third causes of action in the second action, sounding in breach of fiduciary duty and alleging an inflated interest rate, are time-barred. Plaintiffs in the second action (the Benishai plaintiffs) do not contest that the three-year limitations period applies to those causes of action. Further, despite the Benishai plaintiffs' argument to the contrary, there is no continuing wrong that would toll the statute of limitations, as the alleged harm relates to the 2014 loan refinancing itself (compare Palmeri v Willkie Farr & Gallagher LLP, 156 AD3d 564, 567-568 [1st Dept 2017] [statute of limitations for breach of fiduciary duty tolled where the defendant law firm's allegedly wrongful conduct continued until two years before action was filed even though it had unilaterally terminated its representation of the plaintiff two years earlier]).
Supreme Court also correctly dismissed the sixth cause of action (breach of contract) asserted by the Benishai plaintiffs against Argent in the second action. It is undisputed, that David did not contest Ilan's authority or standing to bring [*2]the first action even though Ilan's purported lack of standing is the premise of the breach of contract claim in the second action, brought five years later. As Supreme Court aptly observed, the breach of contract claim against Argent in the second action was an attempt to collaterally attack the impending judgment in the first action with an argument that was not raised in the first action (see e.g. Yalkowsky v Century Apts. Assoc., 215 AD2d 214, 215 [1st Dept 1995]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022