Matter of Apostolopoulos v Oxford Assoc. Group, Inc. (2023 NY Slip Op 04119)

Matter of Apostolopoulos v Oxford Assoc. Group, Inc.

2023 NY Slip Op 04119

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-04670
 (Index No. 711131/19)

[*1]In the Matter of Vasiliki Apostolopoulos, etc., respondent, 
v
Oxford Associates Group, Inc., et al., appellants.

Carmel, Milazzo & Feil, LLP, New York, NY (Christopher P. Milazzo of counsel), for appellants.
Barry Levin, Lido Beach, NY, for respondent.

DECISION & ORDER
In a proceeding pursuant to Business Corporation Law §§ 1104 and 1104-a for judicial dissolution of two closely held corporations, Oxford Associates Group, Inc., Lancaster Realty Mgt. Corp., and George Kyriakoudes, also known as George Kyriak, appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), entered May 13, 2020. The order denied the cross-motion of Oxford Associates Group, Inc., Lancaster Realty Mgt. Corp., and George Kyriakoudes, also known as George Kyriak, to dismiss the cause of action for dissolution pursuant to Business Corporation Law § 1104-a, and granted those branches of the petitioner's motion which were to preliminarily enjoin George Kyriakoudes, also known as George Kyriak, from engaging in certain acts with respect to Oxford Associates Group, Inc., and Lancaster Realty Mgt. Corp., without the petitioner's consent, and pursuant to Business Corporation Law § 1104-a(c) to direct George Kyriakoudes, also known as George Kyriak, to make available certain corporate records.
ORDERED that the order is reversed, on the law, with costs, the cross-motion of Oxford Associates Group, Inc., Lancaster Realty Mgt. Corp., and George Kyriakoudes, also known as George Kyriak, to dismiss the cause of action for dissolution pursuant to Business Corporation Law § 1104-a is granted, and those branches of the petitioner's motion which were to preliminarily enjoin George Kyriakoudes, also known as George Kyriak, from engaging in certain acts with respect to Oxford Associates Group, Inc., and Lancaster Realty Mgt. Corp., without the petitioner's consent, and pursuant to Business Corporation Law § 1104-a(c) to direct George Kyriakoudes, also known as George Kyriak, to make available certain corporate records are denied.
The petitioner alleges that she is a 50% shareholder in Oxford Associates Group, Inc. (hereinafter Oxford), and Lancaster Realty Mgt. Corp. (hereinafter Lancaster), two closely held corporations, and that George Kyriakoudes, also known as George Kyriak (hereinafter Kyriak), owns the remaining 50% of the shares in each corporation. In or about June 2019, the petitioner commenced this proceeding pursuant to Business Corporation Law § 1104-a to dissolve and liquidate the corporations, alleging that Kyriak had engaged in oppressive actions toward her by "completely fr[eezing her] out of the business of the [c]orporations" "several years" prior to the filing of the petition.
The petitioner moved, inter alia, to preliminarily enjoin Kyriak from engaging in any acts with respect to the corporations outside of the "normal course of operations . . . without the consent of [the] [p]etitioner," and pursuant to Business Corporation Law § 1104-a(c) to direct Kyriak to make available to the petitioner certain records of the corporations. Kyriak, Oxford, and Lancaster (hereinafter collectively the appellants) opposed the motion and cross-moved to dismiss the petition, inter alia, pursuant to CPLR 404 and 3211(a) as time-barred. In an affidavit submitted in support of the cross-motion, Kyriak averred that, following an incident in 2005, the petitioner had no involvement in either corporation, and he had not communicated with or had any dealings with her since that time, except through his attorneys in litigation. Kyriak further averred that in 2007, the corporations provided the petitioner with certain documents in response to litigation, and that the litigation ultimately was resolved in 2009 with the petitioner agreeing to relinquish her ownership interest in the corporations. In support of their cross-motion, the appellants argued that any alleged oppressive conduct had occurred more than six years prior to the commencement of this proceeding, and, therefore, the proceeding was time-barred.
In opposition to the cross-motion, the petitioner submitted an affidavit in which she denied having relinquished her ownership interests in the corporations. She did not, however, controvert Kyriak's assertion that she had had no involvement in the corporations since 2005. The petitioner averred that Oxford failed to comply with a February 2008 order, issued in a separate proceeding, directing it to provide certain statements to her, and that the appellants had failed to provide her with any information concerning the corporations, pay her any dividends or profits, or provide her with any notices of shareholder meetings or resolutions of the corporations. The petitioner further averred that Kyriak had not previously provided her with any notice that he deemed himself the sole owner of the corporations. The petitioner argued that the petition was not time-barred because the cause of action pursuant to Business Corporation Law § 1104-a sounded in breach of fiduciary duty, and the statute of limitations was tolled until there was an open repudiation by Kyriak of his fiduciary duty to the her, which did not occur until the subject litigation.
The petitioner also moved for leave to amend the petition to, among other things, add a cause of action to dissolve the corporations pursuant to Business Corporation Law § 1104. The appellants opposed the motion and argued, inter alia, that the proposed amendments to the petition did not cure the deficiencies as to the cause of action pursuant to Business Corporation Law § 1104-a, and, thus, the appellants' cross-motion to dismiss that cause of action as time-barred should be granted.
In an order entered January 15, 2020, the Supreme Court granted the petitioner's motion for leave to amend the petition.
In an order entered May 13, 2020, the Supreme Court denied the appellants' cross-motion and granted those branches of the petitioner's motion which were to preliminarily enjoin Kyriak from engaging in any acts with respect to the corporations outside of the "normal course of operations . . . without the consent of [the] [p]etitioner," and pursuant to Business Corporation Law § 1104-a(c) to direct Kyriak to make available to the petitioner certain records of the corporations. This appeal from the order entered May 13, 2020, ensued.
Business Corporation Law § 1104-a permits judicial dissolution of a corporation where, among other possibilities, the corporation's controlling faction "ha[s] been guilty of . . . oppressive actions toward the complaining shareholders" (id. Business Corporation Law § 1104-a[a] [1]; see Matter of Kemp & Beatley, 64 NY2d 63, 68). A cause of action for dissolution is subject to a six-year statute of limitations (see CPLR 213; Wasay v Alvi, 148 AD3d 1089, 1090; DiPace v Figueroa, 223 AD2d 949, 952). On a motion to dismiss a cause of action as time-barred, the defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired (see Klein v Deutsch, 193 AD3d 707, 709; Edem v Wondemagegehu, 175 AD3d 466, 467).
Here, the appellants demonstrated, prima facie, that the alleged oppressive acts occurred at least 10 years prior to the commencement of the instant proceeding, and, therefore, the cause of action for dissolution pursuant to Business Corporation Law § 1104-a was time-barred (see [*2]DiPace v Figueroa, 223 AD2d at 952). The burden then shifted to the petitioner to raise a question of fact as to whether the statute of limitations has been tolled or is otherwise inapplicable, or whether the petitioner actually commenced the proceeding within the applicable limitations period (see Edem v Wondemagegehu, 175 AD3d at 467; Coleman v Wells Fargo & Co., 125 AD3d 716, 716). The petitioner failed to meet this burden. Contrary to her contention, she failed to establish a basis for an equitable tolling based on a breach of fiduciary duty (see Ilan Props., Inc. v Benishai, 205 AD3d 541, 542; cf. Franklin v Hafftka, 140 AD3d 922, 924). Accordingly, the Supreme Court should have granted the appellants' cross-motion to dismiss the cause of action for dissolution pursuant to Business Corporation Law § 1104-a.
Further, upon dismissing that cause of action, the Supreme Court should have denied that branch of the petitioner's motion which was pursuant to Business Corporation Law § 1104-a(c) to direct Kyriak to make available certain corporate records, as there was no longer a basis for that relief.
The Supreme Court also erred in granting that branch of the petitioner's motion which was to preliminarily enjoin Kyriak from engaging in certain acts with respect to the corporations without the petitioner's consent. "Although the purpose of a preliminary injunction is to preserve the status quo pending a trial, the remedy is considered a drastic one, which should be used sparingly" (Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d 1121, 1123; see Rhodes v CitiMortgage, Inc., 207 AD3d 767, 768). "To be entitled to a preliminary injunction, a movant must establish (1) a probability of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor" (Herczl v Feinsilver, 153 AD3d 1338, 1338; see CPLR 6301; Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123). Here, as the petitioner failed to establish any of these elements, the court should not have granted that branch of the petitioner's motion which was for preliminary injunctive relief (see Soundview Cinemas, Inc. v AC I Soundview, LLC, 149 AD3d at 1123-1124).
Accordingly, we reverse the order entered May 13, 2020, grant the appellants' cross-motion, and deny the subject branches of the petitioner's motion.
BRATHWAITE NELSON, J.P., IANNACCI, FORD and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court