■ MICHAEL D. MINESS et al., Appellants-Respondents, v STEVE H. ALTER et al., Respondents-Appellants, et al., Defendant. [691 NYS2d 171] —In an action to recover damages for defamation, the plaintiffs appeal, as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered April 23, 1998, as granted that branch of the motion of all of the defendants, except the defendant Richard J. Klenkel, Jr., which was to dismiss the complaint for failure to state a cause of action, and all of the defendants, except the defendant Richard J. Klenkel, Jr., cross-appeal from so much of the same order as denied that branch of their motion which was for relief under Civil Rights Law § 70-a.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiffs commenced this defamation action against the defendants Glen Cove Republican City Committee and 26 of its members alleging that its publication of the September 15, 1997, issue of the *Glen Cove Republican* (hereinafter the Newsletter) defamed them. In that four-page issue of the Newsletter, published during the 1997 mayoral campaign for the City of Glen Cove, the defendants suggested that large campaign contributions made by the plaintiffs to the city's

Democratic Mayor resulted in the Mayor's lack of opposition to the plaintiffs' proposed development of a nursing home facility.

We agree with Supreme Court that the complaint fails to state a cause of action to recover damages for defamation. "[A]ccusations of the use of political influence to gain some benefit from the government are not defamatory and do not constitute libel per se" (*Pace v Rebore,* 107 AD2d 30, 32; *see also, Suozzi v Parente,* 202 AD2d 94). Viewed in the context of the entire Newsletter, the statements complained of were not defamatory. The question of whether particular words are reasonably susceptible of a defamatory meaning is to be resolved by the court in the first instance (*see, 600 W. 115th St. Corp. v Von Gutfeld,* 80 NY2d 130, 139, *cert denied* 508 US 910; *Steinhilber v Alphonse,* 68 NY2d 283, 290). The challenged statements must be viewed in their context in order to determine whether a reasonable person would view them as conveying any facts about the plaintiffs because only statements alleging facts can properly be the subject of a defamation action (*see, Gross v New York Times Co.,* 82 NY2d 146, 152-153; *Immuno AG. v Moor-Jankowski,* 77 NY2d 235, 254, *cert denied* 500 US 954; *600 W. 115th St. Corp. v Von Gutfeld, supra,* at 139). The statements are not actionable because the facts upon which these allegedly defamatory statements were based are fully and accurately set forth in the Newsletter and it is clear to a reasonable reader that the accusations are merely opinion and personal surmise built upon those facts (*see, Gross v New York Times Co., supra,* at 153-154; *Pace v Rebore, supra*).

In addition, under the circumstances of this case, it was not an improvident exercise of the court's discretion to decline to award the defendants relief under Civil Rights Law § 70-a (1), even assuming that the action was properly characterized as a Strategic Lawsuit Against Public Participation (SLAPP suit) (*see, Matter of West Branch Conservation Assn. v Planning Bd.,* 222 AD2d 513). O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.