■ T.S. HAULERS, INC., Appellant, v EVE KAPLAN et al., Respondents. [744 NYS2d 193] —In an action to recover damages for libel, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Hall, J.), dated September 5, 2001, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint pursuant to Civil Rights Law §§ 70-a and 76-a.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1995 the plaintiff purchased approximately 50 acres of property in the Town of Riverhead on which it operates a sand mine. This is not a permitted use under the Town's zoning code, but requires a special permit from the Town Board. The use of the property as a mine has been the subject of several proceedings and legal actions, and the source of bitter debate in the Town. In February 2001 in anticipation of a Town Board meeting to consider the plaintiff's application for a special permit to continue the use of the property as a mine, the defendants North Fork Environmental Council, Inc. (hereinafter NFEC), and Calverton Civic Association (hereinafter Calverton) issued a communication discussing the history of the dispute and opposing the approval of the special permit. NFEC is a not-for-profit environmental organization, and Calverton is a not-for-profit organization concerned with quality of life issues. The defendant Eve Kaplan is an employee of NFEC, and the defendant Joan Griffin is the president of Calverton. In March 2001 the plaintiff commenced this action against the defendants alleging that three statements in the communication were untrue and defamatory. The defendants answered and counterclaimed for damages pursuant to Civil Rights Law §§ 70-a and 76-a. In the order appealed from, the Supreme Court granted that branch of the defendants' motion which

was for summary judgment dismissing the complaint. We affirm.

In 1992 the Legislature enacted Civil Rights Law §§ 70-a and 76-a to provide special protections for defendants in actions involving "public petition and participation," sometimes referred to as strategic lawsuits against public participation, or SLAPP suits. An action involving public petition and participation is defined as "an action, claim, cross claim or counterclaim for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such application or permission" (Civil Rights Law § 76-a [1] [a]). The legislation was enacted in recognition of the damaging effect such an action can have on citizen participation in matters of public importance, even when the action lacks a substantial basis (see Governor's Memoranda approving L 1992, ch 767, 1992 McKinney's Session Laws of NY, at 2911). Accordingly, a motion for summary judgment made in such an action "shall be granted unless the party responding to the motion demonstrates that the action, claim, cross claim or counterclaim has a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law" (see CPLR 3212 [h]). Further, a defendant in such an action may recover damages, including costs and an attorney's fee (see Civil Rights Law § 70-a [1]).

Here, in support of their motion for summary judgment, the defendants demonstrated that this action involved public petition and participation: the plaintiff was "a public applicant or permittee" (Civil Rights Law § 76-a [1] [b]); the challenged statements were part of a "communication" (Civil Rights Law § 76-a [1] [c]); and the action was "materially related to * * * efforts" by the defendants "to report on, comment on * * * challenge or oppose" the plaintiff's application (Civil Rights Law § 76-a [1] [a]). In opposition to this demonstration, the plaintiff failed to demonstrate a viable claim of defamation and, therefore, that this action had a substantial basis in fact and law.

Whether a challenged statement is "reasonably susceptible" of a defamatory meaning is an issue to be resolved in the first instance by the courts (see Lenz Hardware v Wilson, 94 NY2d 913; Miness v Alter, 262 AD2d 374). A statement tending to injure one in business or trade may be actionable as defamation (see Liberman v Gelstein, 80 NY2d 429, 435; Scott v Cooper, 215 AD2d 368). Here, however, none of the challenged statements is reasonably susceptible of a defamatory meaning.

The first challenged statement is: "ground water has been hit in * * * mining pits. Ground-up construction debris which may contain heavy metals and toxins is being stored on the site and may be used eventually as backfill for the pits, posing the serious possibility of groundwater contamination." The plaintiff asserts that this statement is false and defamatory because ground water was not hit in the mining pit and because construction debris was not being stored on the property. However, neither assertion, alone or in conjunction with the other, is defamatory. Rather, the assertions are only susceptible of a defamatory meaning when they support a conclusion that such a combination will lead to groundwater contamination. However, such a conclusion is only reached if the allegedly false assertions are coupled with the defendants' speculation that the construction debris "may contain heavy metals and toxins" and "may be used eventually as backfill for the pits." Here, in the context in which this speculation appeared—a highly partisan communication from an identified group, opposing the plaintiff's application for a special permit in an acrimonious and long-running public dispute over the plaintiff's use of the property for mining—a reasonable listener or reader would find, at best, that such speculation constituted nonactionable statements of opinion, not fact (*see Millus v Newsday, Inc.,* 89 NY2d 840; *Brian v Richardson,* 87 NY2d 46, 51; *Miness v Alter, supra*; *Lesyk v Putnam County News & Recorder,* 164 AD2d 881).

The second challenged statement is: "T.S. Haulers has not been forced to slow down or stop its illegal and damaging activities." Significantly, the president of the plaintiff did not expressly refute this statement in his affidavit in opposition to the defendants' motion. In any event, on the record made, the statement appears true. Even though the use of the property as a mine is not a permitted use under the Town Code, and the plaintiff never obtained a special permit from the Town, the record indicates that the plaintiff has mined the property for sand from the time it purchased the property until at least the date of the challenged statement in February of 2002. Indeed, in addition to the affidavits and newspaper articles discussing the ongoing mining operations and aborted attempts by the Town to stop the operation, the affidavit of the plaintiff's president indicates that the mining of the property was still proceeding as of July of 2001. Also, the defendants' assertion that such use was "damaging" would clearly be understood by a reasonable listener or reader to be a statement of opinion, not fact (*see Brian v Richardson, supra*).

Finally, the plaintiff challenged the statement: "The company

is well connected politically in Suffolk County and sponsors the race car team of Riverhead Councilman Ed Densieski." The plaintiff asserts that it never sponsored the race car team of Councilman Ed Densieski, but rather only previously sponsored the team of the brother of Councilman Densieski. However, a false assertion that the plaintiff sponsored a race car team is not defamatory. Rather, the statement only becomes susceptible of a defamatory meaning when coupled with the suggestion that such sponsorship bought political favor. It has been repeatedly held that a claim that a plaintiff took advantage of political connections or influence to gain some governmental benefit or advantage, in the absence of an assertion of criminality, is not defamatory (see Miness v Alter, supra; Suozzi v Parente, 202 AD2d 94; Di Bernardo v Tonawanda Publ. Corp., 117 AD2d 1009; Arrigoni v Velella, 110 AD2d 601; Pace v Rebore, 107 AD2d 30).

In sum, in opposition to that branch of the defendants' motion which was for summary judgment dismissing the complaint, the plaintiff failed to demonstrate that this action has a sound and substantial basis in fact and law.

In any event, even assuming that the statements, or parts thereof, were defamatory, the Supreme Court properly granted the defendants summary judgment dismissing the complaint. Where, as here, the allegations in an action concerning public petition and participation concern defamation, "damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false" (Civil Rights Law § 76-a [2]). In opposition, the plaintiff failed to demonstrate by clear and convincing evidence that the challenged statements were known to be false by the defendants, or were made with reckless disregard of whether they were false (see CPLR 3212 [h]; Sweeney v Prisoners' Legal Servs. of N.Y., 84 NY2d 786). Ritter, J.P., Krausman, Friedmann and Luciano, JJ., concur.