■ LEONARD BERNARD, JR., Respondent, et al., Plaintiff, v LISA GRENCI, Appellant. [853 NYS2d 168]—

In action to recover damages for defamation, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated August 3, 2006, as denied that branch of her motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Leonard Bernard, Jr.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Leonard Bernard, Jr., is granted.

The plaintiff Leonard Bernard, Jr. (hereinafter the plaintiff), was the Republican candidate in the 2003 election for Town Supervisor of the Town of East Hampton. The complaint alleged that the defendant was "a community activist with a lengthy history of public criticism of the local Republican party." In September 2003, the defendant wrote a letter to the editor of the East Hampton Independent in which she detailed the Town's building department files on the plaintiff's residence, which included a 1967 letter informing the owner (the plaintiff Rosaria Edith Iorio Bernard, the plaintiff's mother [hereinafter the mother]) that the second kitchen she had installed violated the zoning ordinance and had to be removed. Following that letter, there were no documents in the file until 1990, when a new certificate of occupancy was issued describing the home as a "one family residence erected before the adoption of zoning containing two kitchens." Neither the certificate of occupancy nor anything else in the file explained the change in status of the second kitchen. In her letter to the editor, the defendant suggested that the plaintiff had used political influence to obtain the certificate of occupancy and challenged him to produce documents explaining the discrepancy. The plaintiff and five of his supporters wrote letters to the editor stating that the kitchen predated the zoning ordinance. The defendant responded with a second letter challenging the plaintiff to provide valid documentation.

The plaintiff and the mother commenced this action alleging defamation. The defendant made a pre-answer motion pursuant

to CPLR 3211 (a) (7), inter alia, to dismiss the complaint for failure to state a cause of action. By order dated January 21, 2004, the motion was granted insofar as the complaint alleged defamation with respect to the mother, but denied insofar as the complaint alleged defamation of the plaintiff. After discovery, the defendant moved, among other things, for summary judgment dismissing the complaint insofar as asserted by the plaintiff. The Supreme Court denied the motion, inter alia, on the ground that the law of the case doctrine bound the court to its earlier determinations in the order dated January 21, 2004. We reverse.

Initially, the Supreme Court's reliance on the law of the case doctrine was misplaced. That doctrine is inapplicable where, as here, a summary judgment motion follows a motion to dismiss (*see Riddick v City of New York*, 4 AD3d 242, 245 [2004]; *Gannone v Wittman*, 232 AD2d 298 [1996]), as the scope of review applicable to each motion is distinct (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]).

"[A]ccusations of the use of political influence to gain some benefit from the government are not defamatory and do not constitute libel per se" (*Pace v Rebore*, 107 AD2d 30, 32 [1985]; *see Miness v Alter*, 262 AD2d 374, 375 [1999]). The challenged statements must be viewed in their context to determine whether a reasonable person would view them as conveying any facts about the plaintiff, because only statements alleging facts can properly be the subject of a defamation action (*see Armstrong v Simon & Schuster*, 85 NY2d 373, 380 [1995]; *Gross v New York Times Co.*, 82 NY2d 146, 152-153 [1993]; *Immuno AG. v Moor-Jankowski*, 77 NY2d 235, 254 [1991], *cert denied* 500 US 954 [1991]; *Clark v Schuylerville Cent. School Dist.*, 24 AD3d 1162, 1163 [2005]). Here, the statements are not actionable because the facts upon which the allegedly defamatory statements were based are fully and accurately set forth in the letter to the editor and it is clear to a reasonable reader that the accusations are merely opinion and personal surmise built upon those facts (*see Gross v New York Times Co.*, 82 NY2d at 153-154; *Miness v Alter*, 262 AD2d at 375). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff. Prudenti, P.J., Lifson, Covello and Balkin, JJ., concur.