■ ROMAN NOVOSIADLYI, Appellant, et al., Plaintiff, v CHRISTIE JAMES, Defendant, and JOSEPH IPPOLITO, Respondent. [894 NYS2d 521]—

In an action, inter alia, to recover damages for defamation, the plaintiff Roman Novosiadlyi appeals from an order of the Supreme Court, Suffolk County (Spinner, J.), dated July 3, 2008, which denied the plaintiffs' motion for leave to renew their opposition to the motion of the defendant Joseph Ippolito for summary judgment dismissing the complaint insofar as asserted against him, which had been determined in an order of the same court dated December 13, 2007.

Ordered that the order dated July 3, 2008, is affirmed, with costs.

The plaintiffs commenced this action alleging, inter alia, that the defendants defamed them during public hearings on their application for a permit allowing them to use their house in Lindenhurst as an owner-occupied two-family home. The defendant Joseph Ippolito moved for summary judgment dismissing the complaint insofar as asserted against him pursuant to CPLR 3212 and Civil Rights Law §§ 70-a and 76-a, and for recovery on his counterclaim for an award of an attorney's fee, contending that this action was an improper strategic lawsuit against public participation (hereinafter SLAPP action) (*see 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d 130, 137 n 1 [1992], *cert denied* 508 US 910 [1993]).

In the order granting Ippolito's motion, the Supreme Court determined that he established his prima facie entitlement to the protections of Civil Rights Law §§ 70-a and 76-a. Moreover, the court rejected the plaintiffs' opposition, which consisted of only an affirmation of counsel, as being without probative value and insufficient to oppose the summary judgment motion. Consequently, the Supreme Court granted Ippolito's motion for summary judgment dismissing the complaint insofar as asserted

against him and awarded him summary judgment on his counterclaim for an award of an attorney's fee to the extent of scheduling an inquest.

Thereafter, the plaintiffs, proceeding pro se, moved pursuant to CPLR 2005 and 2221 for leave to renew their opposition to Ippolito's motion. In an order dated July 3, 2008, the Supreme Court denied the plaintiffs' motion for leave to renew, finding that no new facts were offered and that the new arguments offered as new facts would not have changed the prior result. The plaintiff Roman Novosiadlyi appeals from that order. We affirm.

A motion for leave to renew must be (1) based upon new facts not offered on the prior motion that would change the prior determination, and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e] [2], [3]; *Caraballo v Kim*, 63 AD3d 976, 978 [2009]; *Jackson Hgts. Care Ctr., LLC v Bloch*, 39 AD3d 477, 480 [2007]). Here, the plaintiffs failed to submit new facts sufficient to change the court's prior determination granting Ippolito's summary judgment motion. Civil Rights Law § 76-a was enacted to provide special protection for defendants in actions arising from the exercise of their rights of public petition and participation by deterring SLAPP actions (*see 600 W. 115th St. Corp. v Von Gutfeld*, 80 NY2d at 137 n 1; *Singh v Sukhram*, 56 AD3d 187, 194 [2008]). Where, as here, the defendant established that the action involves the rights of public petition and participation (*see* Civil Rights Law § 76-a [1] [a]), "damages may only be recovered if the plaintiff, in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false" (Civil Rights Law § 76-a [2]; *see T.S. Haulers v Kaplan*, 295 AD2d 595, 598 [2002]). In addition, summary judgment must be awarded to the defendant unless the plaintiff demonstrates, in opposition, that the action has "a substantial basis in fact and law or is supported by a substantial argument for an extension, modification or reversal of existing law" (CPLR 3212 [h]). The plaintiffs' submissions in support of their renewal motion failed to meet this burden or otherwise raise a triable issue of fact as to whether Ippolito knew that his statements were false or that he made them with reckless disregard of whether they were true. Accordingly, the Supreme Court properly denied the plaintiffs' motion for leave to renew (*see T.S. Haulers v Kaplan*, 295 AD2d at 598).

Novosiadlyi's remaining contentions are either without merit or not properly before this Court. Skelos, J.P., Angiolillo, Balkin and Lott, JJ., concur.