■ MICHAEL GOLDSTEIN, Respondent-Appellant, v DONNA HELD, Appellant-Respondent, et al., Defendant. [939 NYS2d 873]—

In an action to recover damages for libel, the defendant Donna Held appeals from so much of an order of the Supreme Court, Rockland County (Jamieson, J.), dated October 6, 2010, as denied those branches of her cross motion which were for summary judgment on her counterclaim, and for an award of damages, costs, and an attorney's fee pursuant to Civil Rights Law § 70-a (1), and the plaintiff cross-appeals from so much of the same order as granted that branch of the cross motion of the defendant Donna Held which was for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly characterized the action as a strategic lawsuit against public participation under Civil Right Law § 76-a, and properly granted that branch of the cross motion of the defendant Donna Held (hereinafter the defendant) which was for summary judgment dismissing the complaint. In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact as to whether the contested statements were known to be false by the defendant, or were made with reckless disregard as to whether they were false (*see* Civil Rights Law § 76-a [2]; *T.S. Haulers v Kaplan*, 295 AD2d 595, 598 [2002]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying that branch of her cross motion which was for an award of damages, costs, and an attorney's fee pursuant to Civil Rights Law § 70-a (1) (*see Muller v Abbott*, 25 AD3d 674 [2006]; *Miness v Alter*, 262 AD2d 374, 375 [1999]; *Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown*, 222 AD2d 513, 514 [1995]).

The parties' remaining contentions are without merit. Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.