■ DOMINICK GIORGIO, Respondent-Appellant, v STEVEN PILLA et al., Appellants-Respondents. [954 NYS2d 584]—

In an action, inter alia, to recover damages for negligence and breach of contract, the defendants Steven Pilla and Deborah Pilla appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Liebowitz, J.), entered June 14, 2011, as denied that branch of their motion which was for summary judgment on their counterclaims, the defendant Bibbo Associates, LLP, separately appeals, as limited by its brief, from so much of the same order as denied that branch of its separate motion which was for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-appeals, as limited by his brief, from so much of the same order as granted that branch of the motion of the defendants Steven Pilla and Deborah Pilla which was for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of his cross motion which was for summary judgment on the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the defendant Bibbo Associates, LLP, which was for summary judgment dismissing the first cause of action insofar as asserted against it and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

In 2003, the plaintiff purchased an unimproved parcel of real property from Emilio Conciatori, and thereafter retained the defendant Bibbo Associates, LLP (hereinafter Bibbo), inter alia, to prepare the necessary applications to obtain a permit from

the Westchester County Department of Health (hereinafter the WCDOH) to construct a well and sewage disposal system on the property. The WCDOH subsequently issued a permit, and the plaintiff commenced construction of a single-family residence. Prior to the completion thereof, the defendants Steven Pilla and Deborah Pilla (hereinafter together the Pillas), who owned an adjacent parcel of property, contacted the WCDOH, claiming that the location of the plaintiff's proposed well violated the minimum setback requirement from their existing septic system. The WCDOH thereafter revoked the permit, and the plaintiff then commenced this action. The first and second causes of action allege negligence and breach of contract against Bibbo, arising out of its alleged failure to undertake the necessary investigation to discover the location of the Pillas' septic system. The complaint also asserts causes of action against the Pillas sounding in negligence, prima facie tort, and nuisance, alleging that they impermissibly enlarged and relocated their septic system without a permit, and deliberately and maliciously waited until after construction of the proposed well was commenced before informing the plaintiff of the location of their septic system. The Pillas counterclaimed for an award of costs and an attorney's fee, and the imposition of sanctions, alleging that the action was a Strategic Lawsuit Against Public Participation (hereinafter SLAPP suit) arising out of their communication to the WCDOH, and that the action was frivolous. Following the completion of discovery, the parties moved and cross-moved for summary judgment. The Supreme Court granted that branch of the Pillas' motion which was for summary judgment dismissing the complaint insofar as asserted against them, and otherwise denied the motions and cross motion.

Contrary to the plaintiff's contention, the Supreme Court properly granted that branch of the Pillas' motion which was for summary judgment dismissing the complaint insofar as asserted against them. A landowner may be held liable to third persons for the condition of real property where the owner has created or negligently permitted to remain on the land a structure or other artificial condition which involves an unreasonable risk of harm to others outside of the land, because of its plan, construction, location, disrepair or otherwise (see Restatement [Second] of Torts § 364, Comment *a*; *Fetter v DeCamp*, 195 AD2d 771, 772 [1993]). Here, the Pillas made a prima facie showing of their entitlement to judgment as a matter of law dismissing the causes of action sounding in negligence and nuisance by submitting evidentiary proof that the repairs performed to their septic system prior to the plaintiff's purchase of his property did not relocate their system closer to the site of

the plaintiff's proposed well, and that no permits were required for the work performed. Accordingly, the Pillas demonstrated, prima facie, that the repairs were performed in lawful compliance with WCDOH rules and regulations, and did not present an unreasonable risk of harm to neighboring property owners. Further, as to the plaintiff's prima facie tort cause of action, the Pillas demonstrated, prima facie, that they did not act solely based on disinterested malevolence in communicating with the WCDOH (*see Smith v Meridian Tech., Inc.*, 86 AD3d 557, 559 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the Pillas' septic system presented an unreasonable risk of harm to him, or whether they otherwise breached a duty of care (*see Fetter v DeCamp*, 195 AD2d at 774). Additionally, the plaintiff failed to raise a triable issue of fact as to whether the Pillas' communications with the WCDOH were motivated solely by disinterested malevolence. For the same reasons, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the Pillas.

The Pillas likewise established their prima facie entitlement to judgment as a matter of law on their counterclaims against the plaintiff (*see* Civil Rights Law § 70-a). In opposition, however, the plaintiff tendered proof sufficiently demonstrating that the action has a substantial basis in fact and law (*see id.*). Accordingly, the Supreme Court properly denied that branch of the Pillas' motion which was for summary judgment on their counterclaims, which alleged that the main action constituted a prohibited SLAPP suit (*see* Civil Rights Law § 70-a [1]; 22 NYCRR 130-1.1).

The Supreme Court properly concluded that triable issues of fact existed as to the second cause of action, which was asserted against Bibbo to recover damages for breach of contract. Accordingly, the court properly denied that branch of Bibbo's motion which was for summary judgment dismissing that cause of action, as well as that branch of the plaintiff's cross motion which was for summary judgment on that cause of action.

Nevertheless, the Supreme Court should have granted that branch of Bibbo's motion which was for summary judgment dismissing the first cause of action, which was asserted against it to recover damages for negligence, since the allegations set forth in that cause of action were not independent of the breach of contract cause of action (*see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 389 [1987]; *Hudson Eng'g Assoc. v Kramer*, 204 AD2d 277 [1994]).

The parties' remaining contentions are without merit. Skelos, J.P., Florio, Leventhal and Hall, JJ., concur.