Keller v Kay (2019 NY Slip Op 02076)





Keller v Kay


2019 NY Slip Op 02076


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX, JJ.


2016-11536 
2017-01054
 (Index No. 4888/16)

[*1]Sheila Keller, respondent,
v
Steven Kay, et al., appellants.


Eustace, Marquez, Epstein, Prezioso & Arciold, New York, NY (Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to permanently enjoin the defendants from enforcing putatively amended homeowners' association by-laws that have not been recorded with the Office of the Clerk of Suffolk County, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated September 15, 2016, and (2) an order of the same court dated December 13, 2016. The order dated September 15, 2016, denied the defendants' cross motion for summary judgment dismissing the complaint and granted the plaintiff's motion, inter alia, to preliminarily enjoin the defendants from (a) enforcing the putative amendments of the homeowners' association by-laws, and (b) proceeding with an annual election of directors pursuant to the provisions of the putatively amended by-laws rather than the provisions of the by-laws recorded with the Office of Suffolk County Clerk. The order dated December 13, 2016, denied that branch of the defendants' motion which was for leave to renew their cross motion for summary judgment dismissing the complaint and their opposition to the plaintiff's motion, inter alia, for a preliminary injunction.
ORDERED that the order dated September 15, 2016, is modified, on the law, by deleting the provision thereof granting the plaintiff's motion, inter alia, for a preliminary injunction, and substituting therefor a provision denying the plaintiff's motion; as so modified, the order is affirmed, without costs or disbursements; and it is further,
ORDERED that the appeal from the order dated December 13, 2016, is dismissed as abandoned, without costs or disbursements.
In May 2016, the plaintiff, a member of The Colony at Holbrook Home Owners Association, Inc. (hereinafter HOA), commenced this action against the members of the HOA's Board of Directors (hereinafter the Board) challenging the validity of certain amendments to the by-laws of the HOA, allegedly adopted in 1997 and 2002. Among other things, those amendments eliminated cumulative voting, imposed split board elections, utilized a "double envelope system" for proxy voting, and closed nominations at 4:00 p.m. on election day. The plaintiff seeks declaratory relief and to permanently enjoin the defendants from enforcing the amendments.
After discovery, the plaintiff moved, inter alia, to preliminarily enjoin the defendants from enforcing the amendments and proceeding with an annual election of directors, and the defendants cross-moved for summary judgment dismissing the complaint. By order dated September 15, 2016, the Supreme Court denied the defendants' cross motion and granted the plaintiff's motion. Subsequently, the defendants moved pursuant to CPLR 2221 for leave to reargue and renew their cross motion and their opposition to the plaintiff's motion. By order dated December 13, 2016, the court denied that branch of the defendants' motion which was for leave to renew. The defendants appeal from both orders.
In their brief, the defendants do not address the order dated December 13, 2016. Accordingly, we dismiss the appeal from that order as abandoned (see Torres v American Bldg. Maintenance Co. of NY, 51 AD3d 905, 906).
Resolution of this appeal turns on the interplay between the HOA's Declaration and the HOA's by-laws, and on the provisions within those instruments regarding amendment. The Declaration, in Article XII ("GENERAL PROVISIONS"), Section 2 ("Duration and Amendment"), provides that the Declaration "may be amended by an instrument signed by Members holding not less than sixty six and two thirds (66 2/3%) of the votes of the membership. Any amendment must be properly recorded to be effective" (emphasis added). In Section 5 ("Administration") of the same article, the Declaration provides that "[t]he administration of the Association shall be in accordance with the provisions of the Association ByLaws which are made a part of this Declaration and attached hereto as Exhibit B'" (emphasis added). The Declaration and the by-laws were recorded in the Office of the Suffolk County Clerk, with the Offering Plan, in 1989.
The plaintiff's main contention is that, because the by-laws are expressly made part of the Declaration and amendments to the Declaration must be recorded to be effective, amendments to the by-laws also must be recorded to be effective. The defendants, on the other hand, point out that the amendment provision of the by-laws (Article XII ["AMENDMENTS"]) does not contain a recording requirement. That provision says, in relevant part, that the by-laws "may be altered, amended or added to at any duly called meeting of Association Members provided: (1) that the notice of the meeting shall contain a full statement of the proposed amendment and (2) that the amendment shall be approved by vote of at least sixty six and two thirds (66 2/3%) of the members."
It is undisputed that the by-laws amendments that the plaintiff is challenging were never recorded.
The HOA by-laws and Declaration are contracts (see Weiss v Bretton Woods Condominium II, 151 AD3d 905, 905; Matter of Olszewski v Cannon Point Assn., Inc., 148 AD3d 1306, 1308-1309). "[A] contract is to be construed in accordance with the parties' intent, which is generally discerned from the four corners of the document itself" (Maldonado v DiBre, 140 AD3d 1501, 1506 [internal quotation marks omitted]). The administration of an HOA's affairs is governed principally by its by-laws, which are, in essence, an agreement among the individual homeowners as to the manner in which the HOA will operate, and which set forth the respective rights and obligations of homeowners, both with respect to their own homes and the HOA's common elements (see Matter of Olszewski v Cannon Point Assn., Inc., 148 AD3d at 1308; Gillman v Pebble Cove Home Owners Assn., 154 AD2d 508, 508-509). Here, the provisions of the Declaration, both making the by-laws a part of the Declaration and requiring that amendments to the Declaration be recorded to be effective, without making an exception for amendments to the by-laws, are clear: in order to be effective, amendments to the by-laws must be recorded to be effective.
The defendants' contention that an amendment to the Declaration that was recorded in 2002 also affected amendment of the by-laws is without merit. Accordingly, inasmuch as the amendments to the by-laws are not effective, we agree with the Supreme Court's denial of the defendants' cross motion for summary judgment dismissing the complaint.
However, we disagree with the Supreme Court's determination granting the plaintiff's motion, inter alia, for a preliminary injunction. To be entitled to a preliminary injunction, a movant [*2]must establish: (1) a likelihood of success on the merits, (2) a danger of irreparable injury in the absence of an injunction, and (3) a balance of the equities in the movant's favor (see CPLR 6301; Carroll v Dicker, 162 AD3d 741, 742; Herczl v Feinsilver, 153 AD3d 1338, 1338). The plaintiff failed to establish that she will suffer irreparable harm in the absence of a preliminary injunction. The failure to record the 1997 and 2002 amendments to the by-laws does not change the fact that there is some evidence that the plaintiff participated in the process of electing the Board and in approving the proposed amendments. The plaintiff's further contention that permitting a new election under the amendments would leave three of the incumbents in office is no more than expressed frustration that the Board would allow continuing operation of the HOA in a manner that is disagreeable to her. The plaintiff has not alleged or demonstrated any harm from the unrecorded amendments to the proxy voting provision of the by-laws or the closing of nominations at 4:00 p.m. on election day. Contrary to the court's reasoning, the plaintiff's loss in the 2015 Board election is insufficient to establish irreparable harm since that election has concluded and she has not shown that, but for the unrecorded amendments to the by-laws, she would have won the 2015 election.
Furthermore, the plaintiff failed to demonstrate that the balance of the equities weighed in her favor. A court evaluating a motion for a preliminary injunction must be mindful that " [t]he purpose of a preliminary injunction is to maintain the status quo, not to determine the ultimate rights of the parties'" (Masjid Usman, Inc. v Beech 140, LLC, 68 AD3d 942, 942, quoting Matter of Wheaton/TMW Fourth Ave., LP v New York City Dept. of Bldgs., 65 AD3d 1051, 1052). The evidence on this record demonstrates that the HOA has been operating under the amended by-laws for nearly two decades. The plaintiff has voted in elections operated pursuant thereto and has run for a seat on the Board twice pursuant thereto. Thus, granting an injunction would disturb the status quo rather than maintain it (see Town of Brookhaven v MMCCAS Holdings, Inc., 137 AD3d 1258, 1259; Gama Aviation Inc. v Sandton Capital Partners, L.P., 93 AD3d 570, 571). Accordingly, the plaintiff's motion, inter alia, for a preliminary injunction should have been denied.
The defendants' remaining contention is not properly before this Court (see International Shoppes, Inc. v At the Airport, LLC, 131 AD3d 926, 929).
BALKIN, J.P., CHAMBERS, ROMAN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court