■ LATRIESTE RESTAURANT AND CABARET, INC., Appellant, v VILLAGE OF PORT CHESTER et al., Respondents. [622 NYS2d 765] —In an action, *inter alia,* to permanently enjoin the defendants from picketing and/or demonstrating on the plaintiff's property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Wood, J.), entered August 17, 1993, as denied the branch of its motion which was for a preliminary injunction to restrain the defendants and all demonstrators from entering and remaining on the property located at 140 Midland Avenue, Port Chester, New York.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the branch of the plaintiffs' motion which was for a preliminary injunction to restrain the defendants and all demonstrators from entering and remaining on the property located at 140 Midland Avenue, Port Chester, New York, is granted.

There is no First Amendment right to picket or demonstrate on private property, including private driveways and parking lots, against the wishes of the property owner and/or tenant-in-possession *(see, e.g., Pro-Choice Network v Project Rescue W.*

*N. Y.,* 799 F Supp 1417, 1434; *Town of W. Hartford v Operation Rescue,* 726 F Supp 371, 382-383, *vacated and remanded on jurisdictional grounds* 915 F2d 92). The plaintiff has therefore demonstrated its likelihood of success on the merits.

Moreover, the defendants admit that their purpose in picketing is to drive the plaintiff, a cabaret featuring topless dancing, out of business. The intended total destruction of the plaintiff's enterprise by the defendants' continuing trespass rises to the level of imminent irreparable harm *(see, e.g., New York State Trawlers Assn. v Jorling,* 764 F Supp 24, 26, *affd* 940 F2d 649), for the prevention of which the property owner and tenant-in-possession are entitled to injunctive relief *(see, Pro-Choice Network v Project Rescue, supra,* at 1432; *Price Paper & Twine Co. v Miller,* 182 AD2d 748). Finally, the injury to the defendants if they are forced to continue their protest on the nearby public sidewalk is far outweighed by the financial loss to the plaintiff should the injunction not issue, so that the equities tip in favor of the plaintiff *(Pro-Choice Network v Project Rescue, supra,* at 1431-1432). Santucci, J. P., Joy, Friedmann and Florio, JJ., concur.

