■ In the Matter of WEST BRANCH CONSERVATION ASSOCIATION, INC., et al., Appellants, v PLANNING BOARD OF THE TOWN OF CLARKSTOWN, Respondent, and HI-TOR REALTY, INC., Intervenor-Respondent. [636 NYS2d 61] —In a proceeding pursuant to CPLR article 78 to review a determination of the Planning Board of the Town of Clarkstown, dated October 28, 1992, which made a negative declaration pursuant to the State Environmental Quality Review Act (ECL 8-0101 *et seq.)* and preliminarily approved a subdivision application, the petitioners appeal from so much of an order of the Supreme Court, Rockland County (Scarpino, J.), dated May 18, 1994, as, upon annulling the determination and remitting the matter to the respondent for further proceedings and upon granting the branch of their motion which was to dismiss the respondent's counterclaims, denied the branch of their motion which was for costs and attorneys' fees pursuant to Civil Rights Law §§ 70-a and 76-a. The appeal brings up for review so much of an order of the same court, dated September 28, 1994, as, upon reargument, adhered to the original determination *(see,* CPLR 5517 [b]).

Ordered that on the Court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the appeal from the order dated May 18, 1994, is dismissed, as that order was superseded by the order dated September 28, 1994, made upon reargument; and it is further,

Ordered that the order dated September 28, 1994, is affirmed insofar as reviewed; and it is further,

Ordered that the intervenor-respondent is awarded one bill of costs.

The intervenor-respondent Hi-Tor Realty, Inc. (hereinafter Hi-Tor) is the owner of a 52-acre parcel of land located on the slopes of High Tor Mountain in Rockland County. In 1988, Hi-Tor submitted an application to the Planning Board of the Town of Clarkstown (hereinafter the Planning Board) seeking permission to subdivide the property into residential lots. The Planning Board subsequently performed an environmental review of the project pursuant to the State Environmental Quality Review Act (hereinafter SEQRA), and determined that the project would not have a significant effect on the environment. Thus, the Planning Board issued a negative declaration, and granted preliminary subdivision approval to the project.

The petitioners, West Branch Conservation Association, Inc., a not-for-profit corporation dedicated to environmental protection, and Marcus Ratliff, an adjoining property owner, thereafter commenced a CPLR article 78 proceeding to challenge the Planning Board's determination (hereinafter Proceeding No. 1). Although the Supreme Court subsequently dismissed the petition in Proceeding No. 1, on September 19, 1994, this Court reversed the judgment of the Supreme Court and remitted the matter to the Planning Board for the preparation of an Environmental Impact Statement *(see, Matter of West Branch Conservation Assn. v Planning Bd.,* 207 AD2d 837).

While the appeal in Proceeding No. 1 was still pending, Hi-Tor submitted an application to modify its subdivision plan, and in October 1992, the Planning Board again issued a negative declaration under SEQRA and approved the amended plan. The petitioners then commenced the instant proceeding challenging the issuance of a negative declaration and the grant of preliminary subdivision approval for the amended plan. In its answer to the second petition, Hi-Tor interposed a counterclaim alleging that the proceeding had been filed for the sole purpose of harassing Hi-Tor in the development of its property, and demanding damages in the sum of $500,000 for abuse of process. The petitioners subsequently moved to dismiss the counterclaim, and for an award of attorneys' fees and costs pursuant to Civil Rights Law §§ 70-a and 76-a, upon the ground that the counterclaim constituted a SLAPP (Strategic Lawsuit

Against Public Participation) suit. Although the Supreme Court granted the branch of the petitioners' motion which was to dismiss Hi-Tor's counterclaim, it denied the branch of the motion which was for costs and attorneys' fees.

On appeal, the petitioners contend that the Supreme Court's failure to award costs and attorneys' fees upon dismissal of the counterclaim was error because it frustrates the legislative intent underlying Civil Rights Law §§ 70-a and 76-a. Contrary to the petitioners' contention, even if we were to assume that Hi-Tor's counterclaim was properly characterized as a SLAPP suit, the Civil Rights Law does not mandate the imposition of costs and attorneys' fees in every situation in which such a claim is interposed. Indeed, to the contrary, Civil Rights Law § 70-a (1) (a) provides, in pertinent part, only that "costs and attorney's fees *may* be recovered" (emphasis added) upon a demonstration that a frivolous claim has been interposed against a party in an action involving "public petition and participation". Accordingly, while it is clear that "New York State public policy strongly disfavors SLAPP suits designed to chill the exercise of a citizen's right to petition the government or appropriate administrative agency for redress of a perceived wrong" *(Matter of Entertainment Partners Group v Davis,* 198 AD2d 63, 64), it is also clear that the unambiguous use of the term "may" in the statute makes the decision to award attorneys' fees and costs discretionary rather than mandatory *(see,* McKinney's Cons Laws of NY, Book 1, Statutes § 76; *Matter of Daniel C.,* 99 AD2d 35, 41). We discern no improvident exercise of the court's discretion in declining to award costs and attorneys' fees under the circumstances of this case. Bracken, J. P., Rosenblatt, Miller and Krausman, JJ., concur.