# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**318**

**CA 12-01219**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, AND VALENTINO, JJ.

---

NATIONAL FUEL GAS DISTRIBUTION CORPORATION,
PLAINTIFF-APPELLANT-RESPONDENT,

V                                    MEMORANDUM AND ORDER

PUSH BUFFALO (PEOPLE UNITED FOR SUSTAINABLE
HOUSING) AND WHITNEY YAX,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

PHILLIPS LYTLE LLP, BUFFALO (KENNETH A. MANNING OF COUNSEL), FOR
PLAINTIFF-APPELLANT-RESPONDENT.

DUGGAN & BENTIVOGLI LLP, WILLIAMSVILLE (JAMES J. DUGGAN OF COUNSEL),
AND CANTOR, DOLCE & PANEPINTO, P.C., BUFFALO, FOR
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Gerald J. Whalen, J.), entered March 2, 2012. The order, among other things, denied in part the motion of defendants to dismiss the amended complaint.

It is hereby ORDERED that said appeal by plaintiff is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action alleging, inter alia, that members of defendant, PUSH Buffalo (People United for Sustainable Housing) (hereafter, PUSH), a community organization, and defendant Whitney Yax, a member of PUSH, trespassed on plaintiff's property in Williamsville and Buffalo, New York in staging demonstrations concerning plaintiff's use of funding it received to assist low-income customers with heating costs and with increasing the energy efficiency of their homes. According to defendants, this action constituted an impermissible Strategic Lawsuit Against Public Participation (SLAPP action) in violation of Civil Rights Law § 76-a (1), because it hindered defendants' efforts to challenge the use by plaintiff of the funding in question, and defendants sought, inter alia, attorneys' fees in their counterclaims pursuant to Civil Rights Law § 70-a (1) (a). Supreme Court granted defendants' motion seeking to dismiss the amended complaint (*see* CPLR 3211 [g]) and for summary judgment dismissing the amended complaint (*see* CPLR 3212 [h]) with the exception of the trespass claims against PUSH, and granted those parts of plaintiff's cross motion for partial summary judgment on liability on those trespass claims and for summary judgment dismissing the counterclaims (*see* CPLR 3212 [h]). We affirm.

As a preliminary matter, we conclude that plaintiff is not aggrieved by the order, and we therefore dismiss plaintiff's appeal (*see* CPLR 5511; *Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545). On its appeal, plaintiff challenges only the court's determination that the action falls within the statutory definition of a SLAPP action, i.e., that it is materially related to PUSH's challenge to plaintiff's application to renew its permit to operate the Conservation Intervention Program (CIP) (*see* Civil Rights Law § 70-a [1] [a]). That challenge is relevant only in connection with defendants' counterclaims and, in granting those parts of plaintiff's cross motion for summary judgment dismissing the counterclaims, the court granted plaintiff the full relief it sought with respect to the counterclaims (*see Parochial Bus Sys.*, 60 NY2d at 545). We may, however, consider plaintiff's contention as an alternative ground for affirmance in connection with defendants' cross appeal (*see id.*).

"An 'action involving public petition and participation' is an action . . . for damages that is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to . . . comment on, . . . challenge or oppose such application or permission" (Civil Rights Law § 76-a [1] [a]). Plaintiff alleged that PUSH members trespassed on its private property when approximately 50 protesters appeared at plaintiff's headquarters and then, later the same day, at a customer service center, demanding a meeting with the chief executive officer (CEO) and refusing to leave when requested to do so by plaintiff's employees. The PUSH members left the respective locations only after the police arrived. The protest by PUSH members was designed to demand a meeting with plaintiff's CEO to challenge its application to the New York State Public Service Commission for a renewal of its permit to operate the CIP. We therefore reject plaintiff's contention that the allegations in the trespass claims against PUSH do not constitute allegations within the meaning of a SLAPP action, inasmuch as they are indeed materially related to PUSH's challenge to plaintiff's application to renew its CIP permit. Thus, plaintiff's action against PUSH was subject to "a heightened standard of proof" to avoid dismissal (*Guerrero v Carva*, 10 AD3d 105, 116; *see* CPLR 3211 [g]; 3212 [h]).

Nevertheless, we conclude that the court properly refused to dismiss the claims against PUSH for trespass inasmuch as plaintiff's action has "a substantial basis in fact and law" (CPLR 3212 [h]), and we conclude that the court properly granted those parts of plaintiff's cross motion for partial summary judgment on liability on those claims. "The elements of a cause of action sounding in trespass are an intentional entry onto the land of another without justification or permission . . . , or a refusal to leave after permission has been granted but thereafter withdrawn" (*Volunteer Fire Assn. of Tappan, Inc. v County of Rockland*, 101 AD3d 853, 855). It is well established that trespassing is not a protected First Amendment activity (*see Tillman v Distribution Sys. of Am.*, 224 AD2d 79, 87, *lv denied* 89 NY2d 814, *appeal dismissed* 89 NY2d 938; *Latrieste Rest. & Cabaret v Village of Port Chester*, 212 AD2d 668, 668-669, *lv denied* 86 NY2d 837, 838). In addition, the court properly granted those parts of plaintiff's

cross motion for summary judgment dismissing the counterclaims seeking, inter alia, attorneys' fees pursuant to Civil Rights Law § 70-a (1).

Although the amended complaint against defendant Whitney Yax was dismissed in its entirety, we reject her contention that the court abused its discretion in refusing to award attorneys' fees on her counterclaim pursuant to Civil Rights Law § 70-a (1).  That section provides only that such fees *may* be recovered, and we perceive no abuse of discretion or improvident exercise of discretion in the court's refusal to award such fees in this case (*see generally Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown*, 222 AD2d 513, 515).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court