Cisneros v Cook (2022 NY Slip Op 05784)

Cisneros v Cook

2022 NY Slip Op 05784

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 157550/20 Appeal No. 16459 Case No. 2021-04446 

[*1]Michael Cisneros etc., et al., Plaintiffs-Respondents,
v
Logan Cook et al., Defendants-Appellants.

Dhillon Law Group, Inc., New York (Ronald D. Coleman of counsel), for Logan Cook, appellant.
Binnall Law Group, PLLC, Alexandria, VA (Jesse R. Binall of the bar of the State of Idaho and Commonwealth of Virginia, admitted pro hac vice, of counsel), and John E. Sweeney, Clifton Park (Robert M. Schecter of counsel), for Donald J. Trump and Donald J. Trump for President, Inc., appellants.
Johnson Law, PLC, Detroit, MI (Vernon R. Johnson of the bar of the State of Michigan and Christopher P. Desmond, of the bar of the State of Michigan, admitted pro hac vice, of counsel), for Michael Cisneros and Alex Hanson, respondents.
Maggiano, DiGirolamo & Lizzi P.C., New York (Michael Lizzi of counsel), for Erica McKenna and Daniel McKenna, respondents.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered on or about July 9, 2021, which, to the extent appealed from, denied defendants' request for attorneys' fees or other damages under Civil Rights Law § 70-a(1)(a), unanimously affirmed, with costs.
The November 2020 amendments to New York's anti-strategic lawsuit against public participation (anti-SLAPP) statutes (Civil Rights Law §§ 70-a and 76-a), which, among other things, mandate the award of costs and attorneys' fees to victims of SLAPP suits, do not apply retroactively (see Gottwald v Sebert, 203 AD3d 488 [1st Dept 2022]; see also Kurland & Assoc., P.C. v Glassdoor, Inc., 205 AD3d 545, 545 [1st Dept 2022]). Plaintiffs commenced this action in September 2020, a few months before the amendments were enacted. Thus, the court was not required to award attorneys' fees despite its finding that plaintiffs' lawsuit constituted a SLAPP suit (see Muller v Abbott, 25 AD3d 674 [2d Dept 2006], lv dismissed 6 NY3d 890 [2006], citing Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown, 222 AD2d 513, 515 [2d Dept 1995]). In any event, the court providently exercised its discretion in declining to award attorneys' fees, and we find no basis to disturb its decision (see Goldstein v Held, 93 AD3d 689, 690 [2d Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022