161 Ludlow Food, LLC v L.E.S. Dwellers, Inc. (2023 NY Slip Op 06076)

161 Ludlow Food, LLC v L.E.S. Dwellers, Inc.

2023 NY Slip Op 06076

Decided on November 28, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 28, 2023

Before: Manzanet-Daniels, J.P., Friedman, González, Pitt-Burke, Higgitt, JJ. 

Index No. 153500/16 Appeal No. 1116 Case No. 2022-04381 

[*1]161 Ludlow Food, LLC, Doing Business as No Fun, Plaintiff-Appellant,
v
L.E.S. Dwellers, Inc., Formerly Known as Diem, Inc. et al., Defendants-Respondents.

Lewis Johs Avallone Aviles, LLP, Islandia (Michael J. Del Piano of counsel), for appellant.
Kagen, Caspersen & Bogart, PLLC, New York (Stuart Kagen of counsel), for respondents.

Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about September 7, 2022, which granted defendants' motion for summary judgment as to liability on their counterclaim for attorneys' fees and punitive damages, unanimously modified, on the law, to deny the motion for punitive damages, and otherwise affirmed, without costs.
In this Strategic Lawsuit Against Public Participation (SLAPP) action, the court' s application of CPLR 3212(h) to the underlying summary judgment motion was improper, because the counterclaims "subject to the motion" were not SLAPP claims, but affirmative counterclaims for punitive damages and attorneys' fees (see CPLR 3212[h]).The award of attorneys' fees and punitive damages in SLAPP actions are subject to their own statutory regime found in Civil Rights Law §§ 70-a and 76-a (anti-SLAPP statutes). The anti-SLAPP statutes contain their own requirements and evidentiary burdens that have nothing to do with CPLR 3212(h) (see e.g. Hariri v Amper, 51 AD3d 146, 150 [1st Dept 2008]).
With respect to punitive damages, Civil Rights Law § 70-a(1)(c) provides that they may only be recovered upon "an additional demonstration" that the SLAPP action was commenced or continued for the sole purpose of "harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights." Thus, when the court improperly applied the burden-shifting mechanism of 3212(h) to the punitive damages analysis, it effectively negated the requirement that defendants make this "additional demonstration." As defendants did not meet their ordinary summary judgment burden of showing that the lawsuit was brought for the purpose of "harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights," they should not have been awarded summary judgment on their counterclaim for punitive damages.
With respect to attorneys' fees, the pre-amendment version of Civil Rights Law § 70-a(1)(a) squarely put the burden of proof on the party advancing counterclaims to recover damages in the context of a SLAPP suit. As the November 2020 amendments to the anti-SLAPP statutes do not apply retroactively, this pre-amendment version of the statute applies (see e.g. Cisneros v Cook, 209 AD3d 519, 519-520 [1st Dept 2022]).
The pre-amendment version of Civil Rights Law § 70-a(1)(a) provided that "attorney's fees may be recovered upon a demonstration . . . that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law." Courts have held that attorneys' fees are discretionary under the pre-amendment statutory framework, and that it is not necessary to award attorneys' fees "in every situation in which [an anti-SLAPP] claim is interposed" (Matter of West Branch Conservation Assn. v Planning Bd. of Town of Clarkstown, 222 AD2d 513, 515 [2d Dept 1995]; see also Cisneros, 209 AD3d [*2]at 520). Based on the parties' submissions relative to the attorneys' fees issue, we find that the court providently exercised its discretion in awarding attorneys' fees here, and otherwise find no basis for reversing this portion of the court's order.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 28, 2023