| |
|---|
| **TRB Acquisitions LLC v Yedid** |
| 2024 NY Slip Op 33565(U) |
| October 7, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 651160/2021 |
| Judge: Jennifer G. Schecter |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY: COMMERCIAL DIVISION

PRESENT:     **HON. JENNIFER G. SCHECTER**          PART   54

*Justice*

-----------------------------------------------------------------------------X

TRB ACQUISITIONS LLC, E.D.Y. EQUITIES LLC,

                        Plaintiffs,

                  - v -

JACK YEDID,

                        Defendant.

-----------------------------------------------------------------------------X

INDEX NO.          651160/2021

MOTION SEQ. NO.          005

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 174, 175, 176, 177, 178, 179, 180

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER          .

By order dated April 4, 2024, the court stayed discovery pending defendant's motion for summary judgment (Dkt. 115). The court explained why the motion would not be barred by the single-motion rule (*see also Massoumi v Ganju*, 227 AD3d 504 [1st Dept 2024]), that a stay was warranted based on the Court of Appeals' determination in *Gottwald v Sebert* (40 NY3d 240 [2023] ["the litigation privilege, being absolute, 'confers immunity from liability regardless of motive'" and "sham exception" predicated on malicious institution of litigation was inconsistent with absolute privilege in connection with judicial proceedings]) and its likely impact on *TRB Acquisitions LLC v Yedid* (215 AD3d 40, 48 [1st Dept 2023] [*TRB I*] [recognizing a "narrow exception" to the absolute litigation privilege for "extortion based on threats of false testimony" for "which the protection afforded by an absolute privilege is appropriately withdrawn"]), and that defendant may be entitled to fees on its anti-SLAPP counterclaim because this action was continued after *Gottwald* was decided on June 13, 2023 (*see also Reeves v Associated Newspapers, Ltd.*, 2024 WL 3892069 [1st Dept Aug. 22, 2024]).[1]

---

[1] The Appellate Division determined that dismissal of this action was inappropriate prior to summary judgment based on the single-motion rule and did not reach the merits of this court's conclusion that plaintiffs' claims lack a substantial basis (*TRB Acquisitions LLC v Yedid*, 225 AD3d 508 [1st Dept 2024]). While defendant explains that the same lack of factual merit also warrants summary judgment (Dkt. 150 at 32-37; *see Massoumi*, 227 AD3d at 504), that is not the basis for this decision, which is predicated on *Gottwald* categorically barring the action regardless of the strength of plaintiffs' allegations and evidence. That issue has not been addressed on appeal.

**651160/2021   TRB ACQUISITIONS LLC vs. JACK YEDID**
**Motion No.  005**

**Page 1 of 4**

1 of 4

[* 1]

In opposition to summary judgment, plaintiffs rely on a narrow reading of *Gottwald*. While this court explained that *Gottwald* "expressly abrogated the 'lost-if-abused' cases on which the Appellate Division relied" (Dkt. 115 at 1; *see also* Dkt. 97 at 5), plaintiffs maintain that the Court of Appeals merely abrogated the "sham exception." Not so. The Court of Appeals explained that the absolute litigation privilege is truly absolute and not conditional or qualified (*see Gottwald*, 40 NY3d at 253). After all, the whole problem with the sham exception is that there can only be exceptions to a conditional or qualified privilege. An absolute privilege, by definition, is not "absolute" if it has exceptions (*see id.* ["The litigation privilege, **being absolute**, confers immunity from liability regardless of motive"] [emphasis added]). That is why it cannot be "lost if abused."

To be sure, the Appellate Division in *TRB I* noted "a separate line of cases examining claims founded upon perjury" where it "recognized a further exception 'where the testimony is part of a larger scheme to defraud'" as well as an extortion exception (*see id.* at 45-46). Yet, the holding in *TRB I* was based on acceptance of plaintiffs' argument "that **an exception to the absolute litigation privilege** may be recognized" and that "under the circumstances, defendant's invocation of the absolute privilege for statements made in and pertinent to a judicial proceeding to immunize the conduct alleged **constitutes abuse of the privilege**" (*id.* at 48-49 [emphasis added]). These holdings are absolutely foreclosed by *Gottwald.*

Here, as in *Gottwald*, each of the "statements was made during the course of a judicial proceeding and each is 'material and pertinent to the questions involved'" and because these "statements fall squarely within the purview of the absolute litigation privilege, they 'cannot serve as the basis for the imposition of liability'" (*Gottwald*, 40 NY3d at 254). By contrast, the lost-if-abused exception can only apply when the privilege is qualified: for example, to statements made in anticipation of litigation (*see id.*). Since it is undisputed that Jack Yedid's statements were made while the Reebok litigation was pending and that they were pertinent to that litigation, the absolute privilege applies. This privilege cannot be lost, even if abused. Because the absolute privilege applies to plaintiffs' claims, defendant is entitled to summary judgment.

Moreover, as the Appellate Division recently confirmed, a claim that lacks merit as a matter of law necessarily lacks a "substantial basis" under the anti-SLAPP law (*see Reeves*, 2024 WL 3892069228 at *8-10). While plaintiffs' claim initially did not lack a substantial basis due to the holding in *TRB I*, it lacked any legal basis after *Gottwald*. That plaintiffs' arguments are not frivolous does not mean that their claim has a substantial basis (*see id.* at *6-7). Rather, where, as here, there is no triable issue of fact and summary judgment is granted, the claim lacks a substantial basis within the meaning of the anti-SLAPP law (*see id.* at *9). Defendant is therefore entitled to partial summary judgment on his counterclaim (*see* Dkt. 117 at 39-41) to the extent that he shall recover the reasonable attorneys' fees incurred while this action was continued after June 13, 2023 as it lacked a substantial basis (*see Gottwald*, 40 NY3d at 257 ["The award of costs and attorneys' fees

**651160/2021   TRB ACQUISITIONS LLC vs. JACK YEDID**
**Motion No.  005**

**Page 2 of 4**

to defendants was made mandatory rather than a matter of discretion"]). The court will direct entry of judgment after submission of defendant's forthcoming fee application.

Plaintiffs' other arguments are unavailing, including their contention that their claim is not actually a SLAPP claim. That plaintiffs asserted a breach-of-contract claim rather than a defamation or tort claim does not matter (*Trump v Trump*, 227 AD3d 635, 636 [1st Dept 2024] ["Contractual claims are not categorically outside the anti-SLAPP law, which depends not on the type of claim but on the type of conduct"]). Here, "the subject claim arises from the protected activity insofar as that activity constituted the means by which the confidentiality agreement was allegedly breached, and therefore supplied the breach element of the breach of contract claim" (*id.*), that is, "the speech constituting the alleged breach was made in connection with a lawsuit or other governmental proceeding" (*Beast Investments, LLC v Celebrity Virtual Dining, LLC*, Index No. 653908/2023, Dkt. 62 [Sup Ct, NY County Feb. 16, 2024]; *see* Dkt. 1 at 16 [alleging that information conveyed as part of anticipated testimony violated confidentiality and nondisparagement clauses]).

Summary judgment must be denied, however, on the portion of the counterclaim seeking other compensatory and punitive damages. "Other compensatory damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued **for the purpose of** harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights" (Civil Rights Law § 70-a[1][b] [emphasis added]). "Punitive damages may only be recovered upon an additional demonstration that the action involving public petition and participation was commenced or continued **for the sole purpose of** harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights" (Civil Rights Law § 70-a[1][c] [emphasis added]). Discovery is necessary to determine whether plaintiffs continued this action for the purpose of inhibiting defendant's exercise of his rights (*see 161 Ludlow Food, LLC v L.E.S. Dwellers, Inc.*, 221 AD3d 517, 518 [1st Dept 2023]).[2]

Accordingly, it is ORDERED that defendant's motion for summary judgment is GRANTED IN PART to the extent that plaintiffs' claims are dismissed with prejudice and summary judgment is granted on the portion of defendant's counterclaim seeking attorneys' fees incurred since June 13, 2023, defendant shall e-file a fee application (including billing records) by October 21, 2024, plaintiffs may e-file any objections to the fee application by November 4, 2024, defendant's motion is otherwise DENIED, and the balance of the counterclaim is hereby severed and shall continue.

---

[2] Defendant's resistance to discovery makes it unclear whether he really intends to proceed with these claims if he prevails on any appeal from this order; thus, the court would entertain a joint request for a discovery stay by the October 28 deadline.

**651160/2021   TRB ACQUISITIONS LLC vs. JACK YEDID**                    **Page 3 of 4**
**Motion No.  005**

3 of 4

And it is further ORDERED that the parties shall e-file and email the court a proposed discovery schedule on the balance of the counterclaim by October 28, 2024.

20241007180506JSCHECTE9FEDA1AC6C4F465B94E44D9A673A5C61

__10/7/2024__
__DATE__

__JENNIFER G. SCHECTER, J.S.C.__

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

__651160/2021   TRB ACQUISITIONS LLC vs. JACK YEDID__
__Motion No.  005__

Page 4 of 4

4 of 4